■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [21 NYS3d 895]—

Judgment, Supreme Court, Bronx County (Patricia DiMango, J., at plea and sentencing; John Moore, J., at resentencing), rendered September 23, 2013, as amended November 21, 2013, convicting defendant of attempted sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed. Order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered on or about April 9, 2014, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

As to the appeal from the judgment of conviction, we find that defendant did not make a valid waiver of his right to appeal, but we perceive no basis for reducing the sentence.

As to defendant's civil appeal from his sex offender adjudication, we find that clear and convincing evidence supports the 15-point assessment under the risk factor for drug or alcohol abuse. Defendant committed the instant offense while under the influence of marijuana, which alone supports the assessment (*see People v Watson*, 112 AD3d 501, 502 [1st Dept 2013],

*lv denied* 22 NY3d 863 [2014]; *People v Birch*, 99 AD3d 422 [1st Dept 2012], *lv denied* 20 NY3d 854 [2012]). Thus, his claimed abstinence from marijuana use since he was released from incarceration in approximately 2003, after admittedly abusing it from approximately 1992 to 2003, does not warrant a contrary conclusion, particularly where the instant offense was committed more recently in 2011, and after at least one prior occasion where he and the victim smoked marijuana together. Nor do we perceive any basis for a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). Concur—Tom, J.P., Mazzarelli, Richter and Gische, JJ.